**Alexander GERMAN, Plaintiff,**

v.

**Frederico PENA, Secretary, United States Department of Energy, Defendant.**

**No. 97 Civ. 6691 (JES).**

United States District Court,
S.D. New York.

March 10, 2000.

Alexander German, Brooklyn, NY, for plaintiff, pro se.

Mary Jo White, United States Attorney, New York City, Rachel D. Godsil, Assistant United States Attorney, of counsel, for Southern District of New York.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff *pro se* Alexander German brings the above-captioned action alleging discrimination on the basis of national origin under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e *et. seq.,* against Frederico Pena, Secretary of the United States Department of Energy ("DOE"). Plaintiff, a native of Russia, claims that because of his nationality his superiors at the Environmental Measurements Laboratory ("EML") subjected him to unequal terms and conditions of employment, failed to promote him, and prevented him from competing for a promotion.

Defendant moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant's motion argues that dismissal is warranted because plaintiff failed to properly exhaust administrative remedies as to his discrimination claims prior to the commencement of this action. For the reasons stated below, this action is dismissed with prejudice

## BACKGROUND

The following facts are largely uncontested by the parties. Plaintiff Alexander German is a native of Russia who was hired by the Department of Energy's EML division in January 1989. *See* Complaint ("Compl.") at ¶ 8–1. He initially held the position of Mechanical Engineer which was graded at GS–9 and was promoted to GS–11 in August 1990. *See id.* at ¶ 8–1, 8–4. Plaintiff asked to be promoted again on June 18, 1992 but was denied this promotion. *See id.* at ¶ 8–6 to 8–7.

On January 23, 1994, an opening for an EML Mechanical Engineer position graded at GS–12 was advertised in the *New York Times* (the "GS–12 Position"). *See* Declaration of Sara Brunson dated February 17, 1998 ("Brunson Decl."), at ¶ 3. Plaintiff applied for the position and asked his supervisor at EML for a reference. *See* Compl. at ¶ 8–12. His supervisor allegedly told him he was not qualified for the GS–12 position, and plaintiff was notified by letter dated May 25, 1994 that he was not selected for this position. *See* Plaintiff's Affirmation in Opposition to a Motion to Dismiss dated March 10, 1998 ("Plaintiff's Aff."), at 16; Transcript of Hearing held on May 4, 1998 ("Tr."), at 29–30, 75. He alleges that the decision not to hire him was the result of discrimination based on his national origin. *See* Compl. ¶¶ 4, 7, 8–16.

Plaintiff states that he contacted the Equal Employment Office ("EEO") manager for his office "[l]ate on 1994[sic]," to claim that he was discriminated against. *See* Compl. at ¶ 8–20. He makes no claim, however, that he contacted an EEO officer anytime prior to July 10, 1994, or 45 days after May 25, 1994, the latest possible date that he was notified that he was not selected for the GS–12 position. *See* Plaintiff's Aff. at 16. Documentary evidence and sworn testimony from EEO personnel indicates that at the earliest, plaintiff contacted EEO personnel on February 28, 1995, nine months after the discrimination he alleges took place. *See* Memorandum of Law in Support of Defendant's Motion to Dismiss dated February 17, 1998, at 5.

Plaintiff formally filed his administrative complaint of discrimination on April 11, 1996 claiming that he was not hired for the GS–12 position because of his nationality. *See* Declaration of Rachel D. Godsil, dated February 17, 1998 ("Godsil Decl."), Exh. B, Plaintiff's Complaint of Discrimination dated April 11, 1996 ("Plaintiff's Compl."), at 1. On July 17, 1996, DOE dismissed plaintiff's administrative complaint for failure to contact an EEO counselor and for lack of adverse action. *See* Godsil Decl., Exh. C, Notice of Dismissal of Complaint of Dis-

crimination dated July 17, 1996, at 1. On June 17, 1997, the United States Equal Employment Opportunity Commission upheld DOE's dismissal of plaintiff's complaint for failure to contact an EEO Counselor in a timely manner. *See* Godsil Decl., Exh. D, EEOC Decision dated June 17, 1997, at 1. This action followed.

Plaintiff's knowledge of procedures for bringing a complaint with the EEO is of central importance to this action. *See Dillman v. Combustion Engineering, Inc.*, 784 F.2d 57, 60 (2d Cir.1986); *Jakubiak v. Perry*, 101 F.3d 23, 27 (4th Cir.1996); *Kelly v. Runyon*, No. 96 Civ. 3922(BSJ), 1997 WL 757918, at *3 (S.D.N.Y. December 8, 1997). Since such knowledge is a prerequisite to an adjudication of plaintiff's claims on the merits, this Court held a hearing on May 4, 1998 for the limited purpose of determining whether plaintiff had either constructive or actual knowledge of requirements for bringing a timely complaint with the EEO. *See Schermerhorn v. Local 100*, 91 F.3d 316, 325 (2d Cir.1996) (noting that "exhaustion is a question for the Court to determine"). The factual discussion in the following two paragraphs thus constitutes this Court's findings of fact and conclusions of law with respect to this issue pursuant to Rule 52(c) of the Federal Rules of Civil Procedure.

Under federal law, German was obligated to report the alleged discriminatory act to an EEO administrator within 45 days of its occurrence. *See* 29 C.F.R. § 1614.105(a)(1) (1999). This EEO requirement appeared on a poster displayed at the EML facility where German worked. *See* Tr. at 34, 46. In addition to warning plaintiff of the need to contact a counselor within 45 days of the alleged discrimination, the poster contained pictures of the EEO counselors, along with their telephone numbers. *See id.* at 9–10.

The sign was displayed on an employee bulletin board, adjacent to the only elevator servicing the floor. *See id.* at 35–36, 38, 46. Fellow EML employees recalled the existence of the poster and the 45 day

requirement it announced. *See id.* at 33, 44. Because the sign was located in a hallway with sole access to the elevators, plaintiff necessarily passed the notice every day that he reported to work. *See id.* at 38–39, 42. In fact, plaintiff admitted walking down the hallway every workday during the spring and summer of 1994. *See id.* at 64. Plaintiff also testified that he saw the poster, but denies knowledge of its contents. *See id.* at 65. The Court does not find this denial credible in view of the facts referred to above.

Following this hearing, plaintiff filed an amended complaint alleging several acts of discrimination by his superiors that took place between February 15, 1994 and March 4, 1996. *See* Amended Complaint dated May 18, 1998 ("Amend.Compl."), at ¶¶ 5, 8–23 to 8–30. None of these claims of discrimination were raised in plaintiff's EEO administrative complaint which was subsequently filed on April 11, 1996. *See* Plaintiff's Compl. at 1.

## DISCUSSION

As the parties have presented ample materials outside the pleadings, the Court is required to treat this motion to dismiss as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. Proc. 12(b). The parties have had more than "a reasonable opportunity to present all material made pertinent to such a motion." *Id.* Indeed, the parties have had ample discovery on the issue of exhaustion, and plaintiff *pro se* in particular has presented several affidavits, amended his complaint following oral argument, and cross-examined witnesses and presented his own testimony at a hearing relevant to this motion.[1] *See Krijn v. Pogue Simone Real Estate Co.,* 896 F.2d 687, 690 (2d Cir.1990) (noting that the essential inquiry is whether a nonmoving party " 'was taken by surprise and deprived of a reasonable

opportunity to meet facts outside the pleadings' ") (quoting *National Ass'n of Pharmaceutical Mfrs. v. Ayerst Laboratories,* 850 F.2d 904, 911 (2d Cir.1988)).

When ruling on a summary judgment motion, a court must construe the facts in a light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the movant demonstrates that there is no issue as to any material fact, the movant is entitled to summary judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Title VII is the exclusive remedy available to federal employees who allege discrimination on the basis of national origin. *See Briones v. Runyon,* 101 F.3d 287, 289 (2d Cir.1996). "Under Title VII, a litigant must exhaust available administrative remedies in a timely fashion." *Briones,* 101 F.3d at 289. According to the regulations set forth in 29 C.F.R. § 1614.105(a)(1), prior to filing a formal complaint, an employee who believes he is the victim of discrimination must consult an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). Fulfillment of such requirements is necessary to overcome the strictures of sovereign immunity, which dictates that the United States cannot be sued without its consent. *See Dillard v. Runyon,* 928 F.Supp. 1316, 1322 (S.D.N.Y.1996) (citing *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)).

"Neither exhaustion nor its timeliness is a matter of jurisdiction but rather is a matter to be raised as an affirmative defense." *Downey v. Runyon,* 160 F.3d 139, 146 (2d Cir.1998) (citing *Bowden v. United*

---

**1.** The Court also explicitly instructed plaintiff at Oral Argument on October 30, 1998 to submit any additional evidence relevant to the issue of his timely exhaustion of administrative remedies. In response to this instruction, plaintiff submitted an additional personal affidavit outlining his claims of discrimination. *See* Affidavit in Opposition by Alexander German dated November 24, 1998.

*States,* 106 F.3d 433, 437 (D.C.Cir.1997)); *see also Boos v. Runyon,* 201 F.3d 178, 183–84 (2d Cir.2000). Accordingly, a defendant bears the burden of proving that plaintiff did not exhaust administrative remedies in a timely manner. *See Bowden,* 106 F.3d at 437.

■ In this case, defendant has discharged that burden with respect to plaintiff's claim that DOE discriminated against him by not hiring him for the GS–12 position.[2] Although plaintiff claims to have contacted the EEO office sometime "late on 1994[sic]," *see* Compl. at 8–20, he does not contend that this contact was within 45 days of May 25, 1994, the absolute latest date upon which plaintiff became aware that DOE did not hire him for the GS–12 position.[3] *See* Plaintiff's Aff. at 16.

Moreover, plaintiff's vague assertion that he contacted EEO personnel sometime within several months of the deadline for filing such complaint is legally insufficient to establish that he is entitled to pursue his claim. This is particularly true where, as here, defendant presents sworn affidavits and documentary evidence that plaintiff's first contact with EEO personnel was almost a year later at the end of February, 1996, at which time plaintiff was advised that his claim was in all likelihood time-barred. *See* Brunson Decl. at ¶ 4; Declaration of Matthew Monetti dated February 17, 1998, at ¶ 3.

While plaintiff failed to fulfill the conditions set forth in 29 C.F.R.

§ 1614.105(a)(1) for timely exhaustion of administrative remedies, he may be excused from fulfilling such conditions by demonstrating that he is entitled to a regulatory or equitable exception to such conditions. Although plaintiff does not contend that equitable or regulatory exceptions apply to his claim, the Court will address whether an exception applies in light of the policy to liberally construe civil rights complaints and particularly because plaintiff appears *pro se. See McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999); *Mian v. Donaldson, Lufkin & Jenrette,* 7 F.3d 1085, 1087 (2d Cir. 1993).

*Regulatory Exception*

Regulatory exceptions authorize an agency to extend the 45 day time limit:

when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been [sic] known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency. . . .

29 C.F.R. § 1614.105(a)(2). This regulation specifies three distinct grounds and one catch-all ground for mandatory extension of the filing deadline. *See Howell v.*

---

**2.** As noted above, plaintiff filed an amended complaint alleging several other acts of discrimination by his superiors that took place between September 9, 1994 and March 4, 1996. *See* Amend. Compl. at ¶¶ 5, 8–23–30. However, plaintiff may only raise those claims in this Court that are "included in [the] EEOC charge or are based on conduct subsequent to the EEOC charge which is reasonably related to that alleged in the EEOC charge." *See Butts v. City of New York,* 990 F.2d 1397, 1401 (2d Cir.1993) (citations omitted). Plaintiff in this action raised only the issue of defendant's refusal to hire him for the GS–12 position in his administrative complaint and omitted any mention of other discriminatory acts. As all of these other acts occurred prior to the filing of this administra-

tive complaint, plaintiff has not exhausted his administrative remedies as to such acts and cannot raise them here.

**3.** May 25, 1994 represents the date that plaintiff received a letter informing him that DOE had decided to not hire anyone for the GS–12 position. Prior to that time, plaintiff actually "beg[a]n argu[ing]" to the acting director of EML on April 25, 1994. *See* Compl. at ¶ 8–13. This date in all likelihood represents the actual date that plaintiff knew he had not been selected for this position, making it even less likely that plaintiff's initial contact with EEO personnel "[l]ate on 1994[sic]" was within the 45 day limitations period. *See* Compl. ¶ 8–20 to 8–21.

*Department of the Army*, 975 F.Supp. 1293, 1300 (M.D.Ala.1997). By claiming that he was not aware of the content of the EEO poster, German argues that the first of these exceptions applies to his case.

 The EML as a federal agency is required to provide its employees with notice of the 45 day time limit for filing a discrimination complaint and the necessity of contacting a counselor prior to such filing. *See* 29 C.F.R. § 1614(b)(7). Such notice is generally in the form of an EEO poster that outlines such requirements. *See* Tr. at 8–9. Notice is sufficient when it is reasonably geared to inform an employee that he must seek EEO counseling within 45 days of the alleged discrimination. *See Jakubiak*, 101 F.3d at 27 (citing *Johnson v. Runyon*, 47 F.3d 911, 918 (7th Cir.1995)). Subjective ignorance alone will not necessarily entitle an employee to a waiver of time restrictions. *See Kelly*, 1997 WL 757918, at *3. Indeed, a plaintiff may not establish a failure of notice exception to the 45 day time limit merely because he chose not to acquaint himself with the substance of an EEO notification. *See id.*

The evidence establishes and this Court finds that an EEO poster informing employees of applicable deadlines and procedures was displayed on the floor where plaintiff's office was located. EML submitted undisputed testimony that plaintiff necessarily passed the sign every day on the way to his office, and, indeed, plaintiff himself recalled seeing the EEO sign. While plaintiff denies knowledge of the sign's content, *see* Tr. at 64, this Court finds such testimony incredible and in any event legally insufficient to warrant an exception to the normal 45 day requirement. As noted above, subjective ignorance alone

is no excuse, and plaintiff offers no other reason for his failure to comply with this requirement other than his unwillingness to read this notice which had been placed in clear, open view.[4] This outcome is particularly warranted where other EML employees were aware of the substance of the sign, *see* Tr. at 33, 44, and plaintiff was provided ample opportunity to become apprised of the EEO regulations over the several month period in which he passed the sign each day. *See id.* at 64–65.

*Equitable Tolling*

 Equitable tolling is an additional avenue that could warrant waiver of the 45 day time requirement for filing. This avenue is designed to remedy delays caused by the affirmative misconduct of the opposing party, and is thus available only when the plaintiff's failure to meet a deadline is the result of someone else's error. *See Dillard*, 928 F.Supp. at 1325. Compliance with the posting requirement alone may arguably be sufficient to defeat an employee's quest for equitable tolling. *See Dillman*, 784 F.2d at 60, (citing *Downie v. Electric Boat Division*, 504 F.Supp. 1082, 1087 (D.Conn.1980)). Furthermore, equitable tolling is not justified when the claimant fails to exercise due diligence and, consequently, is unaware of filing requirements. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir.1994).

 Here, plaintiff did not present any evidence that he was unaware of the requisite EEO procedures because of defendant's misleading conduct. On the contrary, the record clearly reflects that the

---

4. Plaintiff indicated in his hearing testimony that he had trouble understanding the EEOC poster because it was written in English. *See* Tr. at 65. The Court is unaware of any authority and plaintiff has presented no authority that suggests that an English-only poster was insufficient to provide him notice of the 45 day limitation. *Accord Roccisano v. United States*, 936 F.Supp. 96, 100 (S.D.N.Y.1996) (noting that difficulty with English is not co-terminous with inability to understand English). In any event, the Court finds plaintiff's claim that he was unable to understand English incredible given his ability to procure and perform work in an English-only environment, to find the GS–12 position as advertised in the *New York Times*, and to participate fully in this proceeding through the writing and reading of pleadings that were all written in English.

EML complied with the requirement of posting notices in the workplace informing employees of the 45 day time requirement. *See* Tr. at 10, 33–34, 45–46. Accordingly, plaintiff's lack of awareness with respect to this requirement was due to his own failure to exercise due diligence, foreclosing any possibility of equitable tolling.

*Equitable Estoppel*

██ Equitable estoppel is yet another avenue available that provides relief from the time requirements. Unlike equitable tolling, which is applicable in cases where the plaintiff is unaware of his cause of action because of the defendant's questionable conduct, equitable estoppel is raised in cases where the plaintiff knew of a potential cause of action but delayed bringing it because of the defendant's conduct. *See Dillman,* 784 F.2d at 60 (quoting *Cerbone v. International Ladies' Garment Workers' Union,* 768 F.2d 45, 49–50 (2d Cir.1985)). Accordingly, this doctrine is properly invoked in a case in which the employer has misrepresented the length of the limitations period or lulled the plaintiff into thinking that it was unnecessary to commence litigation. *See id.*

██ Plaintiff presents no evidence that defendant engaged in conduct that entitles plaintiff to relief based on equitable estoppel. Moreover, EML was not aware of German's grievance until well after the filing period had run, *see* Tr. at 14, and it was therefore impossible for defendant to prejudice plaintiff by misrepresenting the length of the limitations period. Therefore, plaintiff is not entitled to this exception to proper exhaustion.

## CONCLUSION

In sum, plaintiff failed to exhaust his administrative remedies in a timely manner and provides the Court with no justification for tolling the period for such exhaustion. Accordingly, the Court grants summary judgment in favor of defendant.

The Clerk of the Court is directed to close the above-captioned action.

It is **SO ORDERED.**