Michael JUDGE, Plaintiff,

v.

William J. HENDERSON,
PMG, Defendant.

No. 99 CIV 10677 JGK.

United States District Court,
S.D. New York.

April 30, 2001.

Michael Judge, New York City, pro se.

Eric B. Fisher, Mary Jo White, U.S. Attorney, New York City, for defendant.

### *OPINION AND ORDER*

KOELTL, District Judge.

The plaintiff, Michael Judge, brings this action against his former employer, William J. Henderson, the Post Master General of the United States. The plaintiff alleges that the defendant discriminated against him on the basis of his race and retaliated against him based on his past protected activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The defendant moves for summary judgment dismissing the complaint pursuant to Fed.R.Civ.P. 56.

### I.

### A.

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Gallo v. Prudential Residential Servs., Ltd. Partnership,* 22 F.3d 1219, 1223 (2d Cir.1994). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)); *see also Gallo,* 22 F.3d at 1223. Summary judgment is improper if there is

any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party. *See Chambers v. TRM Copy Ctrs. Corp.,* 43 F.3d 29, 37 (2d Cir.1994). "In considering the motion, the court's responsibility is not to resolve disputed issues of fact but to assess whether there are factual issues to be tried." *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir.1986).

On a motion for summary judgment, once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with specific facts to show there is a factual question that must be resolved at trial. *See* Fed. R.Civ.P. 56(e). The non-moving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *Ying Jing Gan v. City of New York,* 996 F.2d 522, 532 (2d Cir.1993); *see Scotto v. Almenas,* 143 F.3d 105, 114–15 (2d Cir.1998) (collecting cases); *Wyler v. United States,* 725 F.2d 156, 160 (2d Cir.1983).

Where, as here, a pro se litigant is involved, although the same standards for dismissal apply, a court should give the pro se litigant special latitude in responding to a summary judgment motion. *See McPherson v. Coombe,* 174 F.3d 276, 279 (2d Cir.1999) (courts "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest'") (*quoting Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)); *Alleyne v. Four Seasons Hotel— New York,* No. 99 Civ. 3432, 2001 WL 135770, at *2 (S.D.N.Y. Feb.15, 2001). In particular, the pro se party must be given express notice of the consequences of failing to respond appropriately to a motion for summary judgment. *See McPherson,* 174 F.3d at 281; *Vital v. Interfaith Med. Ctr.,* 168

F.3d 615, 620–21 (2d Cir.1999); *Champion v. Artuz,* 76 F.3d 483, 486 (2d Cir.1996); *Ruotolo v. IRS,* 28 F.3d 6, 8 (2d Cir.1994); *Graham v. Lewinski,* 848 F.2d 342, 344 (2d Cir.1988). In this case, the plaintiff was advised of the procedures for responding to a motion for summary judgment by a Notice to Pro Se Litigant Opposing Motion for Summary Judgment dated December 29, 2000 and was provided with a copy of Rule 56. The plaintiff thereafter submitted a timely response to the motion.

### B.

There is no genuine dispute as to the following facts.[1] On December 18, 1997, the plaintiff was issued a Notice of Proposed Removal proposing that he be removed from his employment as a letter carrier with the United States Postal Service ("USPS") because of numerous unscheduled absences as a result of his outside employment with the New York City Transit Authority ("NYCTA"). (Deft.'s Rule 56.1 Stmt. ¶¶ 1–3; Ex. A to Declaration of Darrell K. Ahmed ("Ahmed Decl.") dated December 28, 2000.) In response to the Notice of Proposed Removal, the plaintiff invoked the USPS's grievance procedures to challenge the proposed removal and pursued arbitration proceedings. (Deft.'s Rule 56.1 Stmt. ¶ 4.) On September 8, 1998, Arbitrator Kathleen Devine ("Devine") conducted a hearing concerning the plaintiff's challenge to the Notice of Removal. (Deft.'s Rule 56.1 Stmt. ¶ 5a.) On September 17, 1998, Arbitrator Devine issued a ruling that the USPS had just cause to issue the Notice of Removal and

she denied the grievance. (Deft.'s Rule 56.1 Stmt. ¶ 5b.)

On October 1, 1998, the USPS issued a second Notice of Proposed Removal, which stated that the plaintiff's grievance had been denied and provided that his removal would become effective as of the close of business on October 8, 1998. (Deft.'s Rule 56.1 Stmt. ¶ 6; Ex. C to Ahmed Decl.) On January 7, 1999, the plaintiff first contacted the USPS's Equal Employment Opportunity ("EEO") Office to complain about his termination. (Deft.'s Rule 56.1 Stmt. ¶ 7; Ex. D to Ahmed Decl.) On or about April 2, 1999, the plaintiff filed a written complaint with the USPS's EEO office concerning his termination. (Deft.'s Rule 56.1 Stmt. ¶ 8; Ex. E to Ahmed Decl.) On or about May 27, 1999, the USPS's EEO Office dismissed the plaintiff's written complaint because he had failed to contact an EEO counselor within 45 days of the effective date of his termination. (Deft.'s Rule 56.1 Stmt. ¶ 9; Ex. F to Ahmed Decl.)

### II.

The defendant argues that the plaintiff's complaint should be dismissed because the plaintiff failed to exhaust required administrative remedies in a timely fashion by contacting an EEO counselor within 45 days of the effective date of his termination. "Under Title VII, a litigant must exhaust available administrative remedies in a timely fashion." *Briones v. Runyon,* 101 F.3d 287, 289 (2d Cir.1996) (citation omitted). EEOC regulations require a

---

1. In his affidavit, the plaintiff has disputed four of the nine alleged undisputed facts submitted by the defendant in its statement pursuant to Local Civil Rule 56.1(a). Any statements not disputed are deemed admitted. *See* Local Civil Rule 56.1(c); *Gubitosi v. Kapica,* 154 F.3d 30, 31 n. 1 (2d Cir.1998); *United States v. All Right, Title and Interest in Real Property and Appurtenances,* 77 F.3d 648, 657–58 (2d Cir.1996).

The four statements that the plaintiff seeks to dispute are not in genuine dispute because they simply state the content of the written documents that have been submitted, specifically the two Notices of Proposed Removal and the dismissal of the plaintiff's Equal Employment Opportunity ("EEO") Complaint.

federal employee to seek EEO counseling within 45 days of the allegedly discriminatory act. 29 C.F.R. § 1614.105(a)(1); *see also Boos v. Runyon*, 201 F.3d 178, 181 (2d Cir.2000). The requirement to exhaust administrative remedies in a timely fashion is not a jurisdictional bar but a requirement that is subject to waiver, estoppel and equitable tolling. *See Briones*, 101 F.3d at 290; *Downey v. Runyon*, 160 F.3d 139, 145 (2d Cir.1998).

The plaintiff did not meet the administrative requirement of seeking EEO counseling within 45 days. The plaintiff does not dispute that he first complained to an EEO counselor on January 7, 1999, about three months after his termination became effective on October 8, 1998. However, the plaintiff claims that he submitted a complaint on an unspecified date in November 1998 to the Manhattan District Office of the United States Equal Employment Opportunity Commission ("EEOC"). The plaintiff alleges that he claimed in his EEOC complaint that Tour Superintendent Larry Lynch discriminated against him in January 1997, that the USPS discriminated against him on the basis of race and color and that he was constantly harassed by Mr. Lynch which created a hostile work environment. (Affidavit of Michael Judge dated January 16, 2001 ("Judge Aff.")) The plaintiff alleges that the EEOC returned the complaint to him and advised him it could not process his complaint. Thereafter he filed an unspecified document with the USPS in December 1998.

These conclusory allegations do not show that the plaintiff timely exhausted the administrative requirement to seek EEO counseling within 45 days. The plaintiff has submitted no evidence that he actually filed any such complaint. The plaintiff did not submit a copy of the complaint to the Court although the plaintiff said the complaint was returned to him. The USPS searched its files and has found no copy of any such complaint. (Reply Declaration of Darrell K. Ahmed ("Ahmed Reply Decl.") dated February 14, 2001 ¶ 4.) Moreover, the subject of the alleged complaint was a different subject than the termination at issue in this case, and would not have even been timely with respect to the January 1997 incident alleged in the purported complaint because the purported complaint was filed almost two years after that incident. Finally, there is no genuine dispute that the plaintiff did not initiate counseling with the EEO prior to filing his EEOC complaint or at any time until January 7, 1999. A federal employee must seek EEO counseling within 45 days of the alleged discriminatory incident prior to filing a complaint. *See, e.g., Boos*, 201 F.3d at 180–81, 184–85 (dismissing claim of federal employee who failed to seek EEO counseling within 45 days of allegedly discriminatory event).

There is no evidence in the record indicating that this is a case where waiver, estoppel, or equitable tolling would excuse the plaintiff from exhausting administrative remedies. The EEOC regulations allow for an extension of the 45 day time period in certain situations:

> when the individual shows that he or she was not she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been [sic] known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency....

29 C.F.R. § 1614.105(a)(2). There is no evidence that any of these exceptions applies.

There is no evidence that the plaintiff sought any waiver of the time limit and it is clear that the defendant did not waive the time limit. The plaintiff's EEO complaint was rejected precisely because he had not complied with the 45 day limit. Moreover, the EEO counselor who had met with the plaintiff personally visited the plaintiff's former place of employment and confirmed that an EEO poster containing information about the requisite EEO administrative procedures was displayed at his workplace. (Ahmed Reply Decl. ¶¶ 2–3.) *See German v. Pena,* 88 F.Supp.2d 216, 219–22 (S.D.N.Y.2000) (EEO poster sufficient to establish notice). Moreover, the plaintiff does not claim that circumstances beyond his control prevented him from contacting the EEO counselor. None of the administrative exceptions to the counseling requirement apply to this case.

■ The doctrine of equitable estoppel does not apply to this case. "[E]quitable estoppel is raised in cases where the plaintiff knew of a potential cause of action but delayed bringing it because of the defendant's conduct." *German,* 88 F.Supp.2d at 222 (citation omitted). Such conduct can include a misrepresentation by the employer regarding the length of the limitations period or an employer's assurance that it is unnecessary for the plaintiff to commence the litigation. *See, e.g., id.* There is no evidence in the record indicating that the defendant acted in any way to induce the plaintiff to delay seeking EEO counseling.

■ Equitable tolling also does not apply to this case. The burden of demonstrating that equitable tolling should apply lies with the plaintiff. *See, e.g., Boos,* 201 F.3d at 185. Equitable tolling is "available only when the plaintiff's failure to meet a deadline is the result of someone else's error." *German,* 88 F.Supp.2d at 221. There is no evidence that the plaintiff's failure to exhaust the requisite administrative procedure in a timely fashion was the result of someone else's error.

Therefore, the plaintiff's claim must be dismissed. *See, e.g., Boos,* 201 F.3d at 180–81, 184–85; *German,* 88 F.Supp.2d at 219–22; *Meghani v. Runyon,* No. 94 Civ. 0974, 1995 WL 498784, at *2–3 (S.D.N.Y.1995) (collecting cases).

## CONCLUSION

The defendant's motion for summary judgment dismissing the plaintiff's complaint is granted. The Clerk of the Court is directed to enter judgment dismissing the complaint and closing the case.

**SO ORDERED.**