James R. ACETO, Plaintiff,

v.

Gordon R. ENGLAND, Secretary, Department of the Navy, Defendant.

Civil Action No. 02–0949 (RMU).

United States District Court, District of Columbia.

Aug. 3, 2004.

Lisa Lyons Ward, Ellicott City, MD, for Plaintiff.

Heather D. Graham–Oliver, Roscoe Howard, Jr., Washington, DC, for Defendant.

## MEMORANDUM OPINION

URBINA, District Judge.

GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

This case comes before the court on the defendant's motion to dismiss pursuant to

Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56. The plaintiff alleges discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* and the Rehabilitation Act of 1973 ("the Rehabilitation Act"), 29 U.S.C. §§ 701 *et seq.* The defendant claims that this court lacks jurisdiction on all six counts of the plaintiff's complaint because the plaintiff failed to exhaust his administrative remedies. Because the plaintiff has not met his burden of pleading and proving facts supporting equitable tolling, and because the defendant has shown that the plaintiff should reasonably have known of the time requirements, the court grants defendant's motion for summary judgment.

## II. BACKGROUND

### A. Factual Background

The plaintiff is an employee of the defendant in Washington, D.C., and is currently stationed at the Anacostia Naval Station as a Motor Vehicle Operator. Def.'s Statement of Material Facts as to Which There is No Genuine Dispute ("Def.'s Statement") ¶ 1; Compl. at 2; Answer ¶ 5. In 1998, the plaintiff suffered a shoulder injury on the job. Def.'s Statement ¶ 10. Since this accident he has been unable to drive a bus, and has not been assigned to do so. *Id.* ¶ 11–12. Nonetheless, the parties agree that the plaintiff has performed the essential functions of his position as Motor Vehicle Operator at all times relevant to this action. Compl. ¶ 7; Answer ¶ 7.

On October 26, 1999, the plaintiff, while engaged in driving duties for the defendant, was involved in a disagreement with a U.S. Capitol Police Officer regarding whether the plaintiff could legally park a government vehicle in a parking spot designated for handicapped persons. Def.'s

Statement ¶ 2. That same day, the U.S. Capitol Police Officer wrote a letter to the defendant complaining about the plaintiff's behavior. *Id.* ¶ 4 After the plaintiff responded to the letter, the defendant gave him an unsigned draft of a proposed suspension from his job. *Id.* ¶ 5–6. The plaintiff was never actually suspended. *Id.* ¶ 9. Rather, the plaintiff was only temporarily assigned non-driving duties. *Id.* ¶ 7.

On or about November 8, 1999, the plaintiff suffered another work-related injury, this time to his elbow. *Id.* ¶ 18 He did not submit a worker's compensation claim until March 6, 2000. *Id.* ¶ 19. Subsequently the Department of Labor requested that the plaintiff provide additional information and resubmit a current version of the form. Def.'s Mot. ¶ 22, 24. The plaintiff requested and was granted an extension of time to respond. *Id.* ¶ 23. The plaintiff submitted the completed current version of the form on or about September 11, 2000. *Id.* ¶ 25. This claim required processing and interaction with other organizations, such as the Navy Public Works Center and the Human Resources Department at the Naval Surface Warfare Center. *Id.* ¶¶ 29–30. Finally, on February 13, 2002, the plaintiff met with a Navy doctor. *Id.* ¶ 33. The defendant's employee and agent, Richard L. Waters, was present at this meeting. *Id.;* Compl. ¶ 22. The plaintiff's medical file was open during the appointment, displaying his worker's compensation form. Def.'s Statement ¶ 34.

### B. Procedural History

On May 15, 2002, the plaintiff filed a six-count complaint in this court. Compl. ¶ 8–23. In Count I the plaintiff alleges that after the disagreement with the U.S. Capitol Police Officer, the defendant violated Title VII and the Rehabilitation Act by threatening him with a proposed suspen-

sion and then suspended him from his driving duties. *Id.* ¶ 9. In Count II, the plaintiff alleges violation of Title VII and the Rehabilitation Act due to the defendant's denial of a request for a change in his work schedule to the morning shift. *Id.* ¶ 13. Next, in Count III the plaintiff alleges that defendant discriminated against in violation of Title VII and the Rehabilitation Act when the defendant denied him use of his personal disability parking card while on duty. *Id.* ¶ 16. In Count IV, the plaintiff complains that the defendant violated Title VII and the Rehabilitation act by failing to take disciplinary action against an employee who threatened him with physical harm. Compl. ¶ 18–19. In Count V, the plaintiff alleges violation of the Rehabilitation Act due to the defendant's refusal to process his worker's compensation claim in a timely manner. *Id.* ¶ 21. Lastly, in Count VI, the plaintiff alleges that an agent of the defendant was granted unauthorized access to his medical records and/or information without his consent or approval. *Id.* ¶ 22–23. The defendant now moves to dismiss, or in the alternative, for summary judgment. Def.'s Mot. at 1.

## III. ANALYSIS

### A. Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Diamond v. Atwood,* 43 F.3d 1538, 1540 (D.C.Cir.1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Lib-*

*erty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252, 106 S.Ct. 2505. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.*

■ In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton,* 164 F.3d 671, 675 (D.C.Cir.1999); *Harding v. Gray,* 9 F.3d 150, 154 (D.C.Cir.1993). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Greene,* 164 F.3d at 675. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505 (internal citations omitted). Finally, the D.C. Circuit has directed that because it is difficult for a plaintiff to establish proof of discrimination, the court should view summary-judgment motions in such cases with special caution. *See Aka v.*

*Washington Hosp. Ctr.,* 116 F.3d 876, 879–80 (D.C.Cir.1997), overturned on other grounds, 156 F.3d 1284 (D.C.Cir.1998) (en banc); *see also Johnson v. Digital Equip. Corp.,* 836 F.Supp. 14, 18 (D.D.C.1993).

## B. The Court Grants Defendant's Motion for Summary Judgment

### 1. The Plaintiff Failed to Exhaust His Administrative Remedies

■ "Generally, exhaustion of administrative remedies is a prerequisite to relief under Title VII and the Rehabilitation Act." *Armstrong v. Reno,* 172 F.Supp.2d 11 (D.D.C.2001). Under 29 C.F.R. § 1614.105(a)(1), before filing suit against a federal employer under Title VII or the Rehabilitation Act, a plaintiff must exhaust his administrative remedies by contacting an Equal Employment Opportunity ("EEO") counselor within 45 days of the matter alleged to be discriminatory or the effective date of an alleged discriminatory personnel action. 29 C.F.R. § 1614.105(a)(1). A predominant purpose of this rule is to first attempt to resolve the matter informally. *O'Neal v. Johnson,* No. 02–0172, 2003 U.S. Dist. LEXIS 13348 at *3 (D.D.C. July 17, 2003). Because untimely exhaustion of administrative remedies is an affirmative defense, the defendant initially bears the burden of pleading and proving that the plaintiff failed to exhaust administrative remedies. *Bowden v. United States,* 106 F.3d 433, 437 (D.C.Cir. 1997).

■ Local Rule 7(h) states, in pertinent part, that "the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." LCvR 7(h). Moreover, "when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by a defendant, a court may treat those arguments that a plaintiff failed to address as conceded." *Buggs v. Powell,* 293 F.Supp.2d 135, 141 (D.D.C.2003).

■ In this case, it is undisputed that with regard to Counts I, III, IV, and V, the plaintiff did not contact an EEO counselor within the prescribed 45–day time limit. Def.'s Statement ¶¶ 8, 13, 35; Def.'s Mot. for Summ. J. ("Def.'s Mot.") at 4–5, 13, 16, 22; Pl.'s Opp'n at 11, 19, 21, 23. It is also undisputed that the plaintiff did not contact an EEO counselor at all with regards to Counts II and VI. Def.'s Mot. at 10, ¶ 35; Pl.'s Opp'n at 15, 27. Therefore, the defendant has carried his burden of proof by pleading and proving that the plaintiff did not comply with the applicable time requirements. *Bowden,* 106 F.3d at 437.

### 2. Equitable Tolling Does Not Apply to the Plaintiff's Claim

■ The requirement that an individual contact an EEO counselor within 45 days of the alleged discriminatory incident must be extended when the plaintiff shows that "he or she was not notified of the time limits and was not otherwise aware of them. . . ." 29 C.F.R. § 1614.105(a)(2). Thus, the 45–day time limit is not jurisdictional, but is rather like a statute of limitations and therefore subject to equitable tolling, estoppel, or waiver. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). The plaintiff bears the burden of pleading and proving facts supporting equitable tolling. *Bowden,* 106 F.3d at 437; *Saltz v. Lehman,* 672 F.2d 207, 209 (D.C.Cir.1982).

In the instant case the plaintiff states that he was not notified by the defendant of the 45–day time limit. Pl.'s Opp'n at 11. In other words, the plaintiff claims that the time limit should be tolled because he was subjectively unaware of the require-

ment that he contact an EEO counselor within 45–days. The defendant responds by asserting that subjective unawareness is insufficient to establish equitable tolling. Def.'s Reply at 5.

■ The defendant is correct. When determining whether the time period should be tolled, the test of whether an employee knows of the time limit is not subjective. *O'Neal*, 2003 U.S. Dist. LEXIS 13348, at *4; *Howard v. Henderson*, 112 F.Supp.2d 1276, 1285 (M.D.Ala.2000). Instead, the proper test is whether information is available that is reasonably geared to inform the complainant of the relevant time limit. *O'Neal*, 2003 U.S. Dist. LEXIS 13348, at *4; *Howard*, 112 F.Supp.2d at 1285; *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir.2002); *Jakubiak v. Perry*, 101 F.3d 23, 27 (4th Cir.1996); *German v. Pena*, 88 F.Supp.2d 216, 221 (S.D.N.Y.2000); *Howell v. Dep't of Army*, 975 F.Supp. 1293, 1300 (M.D.Ala.1997), aff'd, 130 F.3d 445 (11th Cir.1997). Moreover, this circuit has held that the court should equitably toll only in "extraordinary and carefully circumscribed" instances. *Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C.Cir.1988); *Washington v. Washington Metro. Area Transit Authority*, 160 F.3d 750, 753 (D.C.Cir.1998); *Smith–Haynie v. Dist. of Columbia*, 155 F.3d 575, 579–580 (D.C.Cir.1998). In other words, these equitable doctrines should be "applied sparingly." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

■ Here, the court concludes that relevant information regarding the applicable time limits was available and was reasonably geared to inform a person of those limits. The defendant presents evidence of posters displayed on Navy bulletin boards presenting the EEO complaint process and timeframes. Def.'s Reply at 5; Def.'s Reply Ex. 1. The posters outline the EEO individual discrimination complaint process in flow-chart format. Def.'s Reply Ex. 1. The top of the posters clearly state the correct 45–day requirement. *Cf. Johnson v. Runyon*, 47 F.3d 911, 919–920 (7th Cir.1995) (concluding that a poster reflecting an inaccurate deadline of 30–days is not reasonably geared to notify a temporary employee of the limitations period); *Schlesinger*, 436 F.Supp. at 17–18 (stating that a poster containing an inaccurate filing period of 15 days is a factor taken into account in holding that the proper time requirement was not disseminated in a manner reasonably geared to notify employees of its existence). The posters accurately contain all relevant information on their face and do not necessitate reference to another manual to find the pertinent information. *Cf. Jakubiak*, 101 F.3d at 27 (stating that a reference to another outdated and unpublished document that was never provided to the complainant does not constitute sufficient notice); *Ettinger v. Johnson*, 556 F.2d 692, 698 (3d Cir.1977) (stating that a bulletin referencing another document with the proper procedures is not sufficient notice of the time limits). In addition, the defendant presented evidence indicating that the plaintiff attended an annual training session in September 1999 where the same EEO process and timeframes were explained. Def.'s Reply at 5–6; Def.'s Reply Ex. 2–3.

The uncontradicted evidence indicates that the plaintiff had access to posters containing correct information regarding the EEO complaint process and that the plaintiff attended a training session informing him of that process. Therefore, relevant information reasonably geared to inform employees of the 45–day time period within which to contact an EEO counselor was available to the plaintiff. Accordingly, keeping in mind this Circuit's directives in *Mondy, Washington, Smith–Haynie* and the Supreme Court's instruction in *Morgan*, the plaintiff does not meet

his burden of presenting facts to support equitable tolling. *Bowden,* 106 F.3d at 437; *Saltz,* 672 F.2d at 209. Accordingly, the court grants summary judgment to the defendant. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

### 3. Continuing Violations

 In *Morgan,* the Supreme Court stated that discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely-filed charges. 536 U.S. at 113, 122 S.Ct. 2061. On the other hand, a hostile work environment claim is distinct and may fall under the continuing-violation theory because its very nature involves repeated conduct. *Id.* at 114, 122 S.Ct. 2061. Provided that at least one act contributing to the claim occurs within the filing period, the entire time period of a hostile work environment may be considered by a court for the purposes of determining liability. *Id.* at 117, 122 S.Ct. 2061.

 Here, the plaintiff alleges a continuing violation in Count III, and vaguely refers to it in subsequent counts. Pl.'s Opp'n at 18, 21, 23, 27. He also refers to a hostile work environment. Compl. ¶ 18. Yet, as the defendant points out, the plaintiff cites no support for this claim. Def.'s Reply at 12. In any event, the plaintiff cannot successfully allege a hostile work environment claim because, as noted above, none of the alleged acts were filed in a timely manner with the EEO counselor. Thus, the plaintiff cannot rely on a continuing violation theory to excuse his failure to comply with the relevant time limits.

### 4. Reasonable Suspicion of Discriminatory Act Standard

 Finally, with regard to Count III, the plaintiff alleges that he did not know nor have reason to know at the time he was prohibited by defendant from using his personal handicapped parking card that this was a discriminatory act. Pl.'s Opp'n at 18–19. Under 29 C.F.R. § 1614.105(a)(2), the 45–day limit must be tolled when the aggrieved shows that he "did not know and reasonably should not have [ ] known that the discriminatory matter or personnel action occurred ..." In other words, EEO procedures are time barred if the plaintiff knew, or should have known, about the alleged discriminatory action 45 days prior to his filing of his May 5, 2000 contact with the EEO. *Stewart v. Ashcroft,* 352 F.3d 422, 425 (D.C.Cir.2003). This court applies the "reasonable suspicion" standard, as described in *Paredes v. Nagle,* which starts the time limit when the plaintiff has a reasonable suspicion that he has been the victim of discrimination. No. 81–1374, 1982 WL 319, at 3–4, 1982 U.S. Dist. LEXIS 10956, at *10–11 (D.D.C. Jan. 7, 1982); *Hyson v. Boorstin,* No. 82–2397, 1982 WL 155452, 1982 U.S. Dist. LEXIS 10263, at *3 (D.D.C. Dec. 23, 1982); *McCants v. Glickman,* 180 F.Supp.2d 35, 40 (D.D.C.2001).

Here, the plaintiff asserts that as early as November 1999, he believed that the defendant's denial of his use of the handicapped card while driving a Navy vehicle violated the Americans with Disabilities Act ("ADA"). Def.'s Answer at 13; Def.'s Mot. Ex. 20 at 3. Also, the plaintiff asserted in a memorandum to the defendant dated March 7, 2000, that disability protection regulations allowed him to use his personal handicapped card in a government vehicle. Def.'s Reply at 13; Ex. 21 ¶ 5. Therefore, the plaintiff's own assertions indicate that he had at least a reasonable suspicion that he was the victim of disability discrimination when the defendant refused his usage of the handicapped card while on duty. Thus, for the plaintiff's claim in Count III to have been timely, the plaintiff would have had to contact

the EEO by April 21, 2000—45 days after his March 7, 2000 memorandum to the defendant. As noted, the plaintiff did not initiate contact with an EEO counselor until May 5, 2000. Accordingly, the plaintiff's claim on Count III is untimely. *Stewart*, 352 F.3d at 425.

## IV. CONCLUSION

For all these reasons, the court grant's the defendant's motion for summary judgment. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 3rd day of August, 2004.