10-1743-cv
Ruszkowski v. Kaleida Health System

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> GUIDO CALABRESI,
> PETER W. HALL,
> *Circuit Judges*.

_____

Mark H. Ruszkowski,

> *Plaintiff-Appellant*,

> v.                                             10-1743-cv

Kaleida Health System,

> *Defendant-Appellee*.

_____

FOR APPELLANT:           Mark H. Ruszkowski, *pro se*, Buffalo, NY.

FOR APPELLEES:           Amy L. Hemenway, Harter Secrest & Emery LLP, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of

New York (Skretny, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that the judgment of the district court be **AFFIRMED**.

Appellant Mark H. Ruszkowski, proceeding *pro se*, appeals the district court's decision granting Appellee's motion for summary judgment in favor of the defendant and dismissing Appellant's complaint brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, ("Title VII"), and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq*. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

We review *de novo* orders granting summary judgment, viewing the facts in the light most favorable to the non-moving party. *See Havey v. Homebound Mortg., Inc.*, 547 F.3d 158, 163 (2d Cir. 2008). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For summary judgment purposes, a "genuine issue" exists where the evidence is such that a reasonable jury could decide in the non-moving party's favor. *Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 45 (2d Cir. 2000).

Appellant's discrimination claims are governed by the three-step burden shifting analysis from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[1] Under this familiar framework, the plaintiff bears the initial burden of proving a prima facie case by a preponderance of the evidence by establishing that: (1) he is a member of a protected class; (2) he was qualified for the position for which he applied; (3) he was denied the position; and (4) the denial occurred under

---

[1]Although *McDonnell Douglas* concerned the burden and allocation of proof under Title VII, its framework is also applied to claims under the ADEA. *See Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010).

circumstances giving rise to an inference of discrimination.[2]  *See McDonnell Douglas Corp.*, 411

U.S. at 802; *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010).  Once a plaintiff

alleges a *prima facie* case of discrimination, the burden of production shifts to the employer to

demonstrate a legitimate, non-discriminatory reason for its decision not to hire the plaintiff.

*Vivenzio*, 611 F.3d at 106.  The burden then shifts back to the plaintiff to present evidence that

the employer's proffered reason is a pretext for an impermissible motivation.  *Id.*  A plaintiff

cannot establish a prima facie case based on "purely conclusory allegations of discrimination,

absent any concrete particulars."  *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985).

Here, Appellant cannot make out a prima facie case of discrimination under Title VII or

the ADEA.  With respect to the position of phlebotomy supervisor, Appellant cannot show that

he was qualified for the position, as he admittedly had no prior supervisory experience.  With

respect to the positions of medical laboratory technician and phlebotomy technician, even if

Appellant's limited experience 14 years prior to his application for employment with Appellee

qualified him for the jobs, there is no evidence that Appellee's failure to hire Appellant occurred

under circumstances giving rise to an inference of discrimination.  *See McDonnell Douglas*, 411

U.S. at 802.[3]

---

[2]The Court notes that, pursuant to the Supreme Court's decision in *Gross v. FBL Fin. Servs, Inc.*, 129 S. Ct. 2343, 2350-51 (2009), a claimant bringing suit under the ADEA must demonstrate that age was not just a motivating factor behind the adverse action, but rather the "but-for" cause of it.  *See id.*  Title VII, on the other hand, does authorize a "mixed motive" discrimination claim.  *See id.* at 2350 n.3 ("Congress amended Title VII to allow for employer liability when discrimination was a motivating factor for any employment practice, even though other factors also motivated the practice, but did not similarly amend the ADEA.  We must give effect to Congress' choice.") (citations and internal quotation marks omitted)).

[3]We also note that Appellee has consistently maintained—and provided documents supporting its contention—that it never received Appellant's application and that, on October 6,

Additionally, Appellant testified that he could not recall whether he had provided his national origin on his application, and that he did not believe that he had indicated his race or color. Appellant's conclusory statements regarding general societal attitudes toward, and harassment of, people of Polish and/or German descent and his above-average DNA and test results are insufficient to establish a prima facie case that Appellee did not hire him based on his race, color, gender, or national origin. Finally, absent any evidence that Appellant was eligible to apply for the positions at issue, he has failed to establish a prima facie case that his age was the "but for" cause of Appellee's failure to hire him.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

2005, neither of those positions would have been available to external applicants.