Smith v. Colvin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of September, two thousand fourteen.

PRESENT:
> ROSEMARY S. POOLER,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges,*
> VALERIE CAPRONI,[*]
> *District Judge.*

---

Lascelle Smith,

> *Plaintiff-Appellant,*

v.                                                                13-3347

Carolyn W. Colvin, Acting Commissioner
of Social Security Administration,

> *Defendant-Appellee.*

---

**FOR DEFENDANT-APPELLANT:**         Lascelle Smith, pro se, New York, NY.

---

[*] Judge Valerie Caproni, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR APPELLEE:**                              Varuni Nelson and Timothy D. Lynch, Assistant
                                              United States Attorneys, *for* Loretta E. Lynch,
                                              United States Attorney, Eastern District of New
                                              York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Townes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court is **AFFIRMED**.

Appellant Lascelle Smith, proceeding pro se, appeals from the district court's grant of summary judgment dismissing his action brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and Section 504 of the Rehabilitation Act ("Rehabilitation Act"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment de novo, drawing all factual inferences in the non-moving party's favor. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We review a district court's application of the statute of limitations de novo, *see Somoza v. N.Y.C. Dep't of Educ.*, 538 F.3d 106, 112 (2d Cir. 2008), and its ruling on equitable tolling for abuse of discretion, *see Alli-Balogun v. United States*, 281 F.3d 362, 367–68 (2d Cir. 2002).

Before initiating a federal suit under Title VII or the Rehabilitation Act, a litigant must exhaust his claim in accordance with EEOC regulations. *See Briones v. Runyon*, 101 F.3d 287, 289 (2d Cir. 1996) (Title VII); *Boos v. Runyon*, 201 F.3d 178, 181 (2d Cir. 2000) (Rehabilitation Act). In addition, a litigant who initiates proceedings with the EEOC on an ADEA claim is "obliged to exhaust such proceedings before filing a civil action under the

2

ADEA." *Wrenn v. Sec'y, Dep't of Veterans Affairs*, 918 F.2d 1073, 1078 (2d Cir. 1990). EEOC regulations require aggrieved federal employees to "initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory" but permit extending the 45-day time period where, inter alia, the litigant "did not know and reasonably should not have known that the discriminatory matter or personnel action occurred." 29 C.F.R. § 1614.105(a). In other words, the time for contacting a counselor, in some cases, begins to run when the plaintiff reasonably suspects discrimination. *See, e.g., Johnson v. Gonzales*, 479 F. Supp. 2d 55, 59 (D.D.C. 2007). Because the prescribed filing period is similar to a statute of limitations, that period is additionally subject to waiver, estoppel, and equitable tolling. *Briones*, 101 F.3d at 290.

Smith's complaint was properly dismissed as time barred. Smith's contention that he did not become aware of the discriminatory motive until after the latest of his employer's adverse actions does not suggest otherwise. The record indicates that Smith became aware of his employer's potential racial animus on May 5, 2010, when a union leader advised him via e-mail to look into the possibility of racial discrimination. Yet even if Smith did not reasonably suspect a discriminatory animus until May 5, 2010, and thus the time for contacting a counselor did not begin to run until this date under 29 C.F.R. § 1614.105(a)(2), his December 15, 2010 request for EEOC counseling would still have been untimely. For the same reasons, application of equitable tolling would not render Smith's request for counseling timely. Even if the running of the 45-day time period were equitably tolled until May 5, 2010, Smith still failed to seek counseling within 45 days of this date.

3

We have considered Smith's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the district court judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk